## KLEMME v. McLAY.

1. **Corporation:** OFFICERS OF: EVIDENCE OF OFFICIAL CHARACTER AND AUTHORITY.   An assignment of a judgment, purporting to be executed by a bank, but which bore no evidence of the official character or authority of the persons executing and acknowledging it, except that they were designated in the acknowledgment as president and cashier of the bank, *held* insufficient to entitle the assignee to redeem from an execution sale under a prior lien.

2. **Evidence:** FACTS CONTROL WITNESS' CONCLUSIONS.   Where witness stated that he was the owner of a judgment, but he also stated the facts upon which he based his claim of ownership, and the facts failed to sustain the claim, *held* that such ownership was not established.

*Appeal from Howard Circuit Court.*

SATURDAY, DECEMBER 19.

ACTION in chancery to set aside a sheriff's deed to defendant, and to require the sheriff to make a deed to plaintiff as a redemptioner from the sale and judgment under which the

deed was made. Upon a trial on the merits, plaintiff's peti-tion was dismissed. He now appeals to this court.

*Barker Bros.*, for appellant.

*H. T. Reed*, for appellee.

Beck, Ch. J.—I. The defendant recovered a decree of foreclosure and a judgment against Youngck, and became the purchaser of the mortgaged land at a sale upon special exe-cution. The Farmers' National Bank of Princeton, Illinois, held a judgment against Youngck, rendered before the decree of foreclosure. Plaintiff, claiming to be "the owner and holder" of that judgment, filed an assignment in the clerk's office purporting to be executed by the bank, and paid to the clerk the amount required to redeem from the sale to the de-fendant. The sheriff refused to recognize the redemption, and made a deed for the land to defendant. The ground of the sheriff's refusal appears to have been that it was not made to appear that plaintiff was the owner or assignee of the judgment.

II. It is now insisted by counsel for defendant that plaint-iff has failed to show any right to make redemption from the sale. He claims such right as the owner and assignee of the judgment in favor of the bank. It becomes necessary to inquire whether he has established that right as the assignee and owner of the judgment. He relies upon a written assignment, acknowledged by those claimed to be officers of the bank before a notary public of the state of Illinois. Defendant's counsel make objections to this acknowledgment upon grounds that need not be stated. But we may assume, for the pur-pose of the case, that the instrument and acknowledgment are sufficient in form, and, if it appeared that the persons exe-cuting the instrument in the name of the bank were officers thereof, and authorized so to do, it would be sufficient to

*[margin note: 1. CORPORA-TION: officers of: evidence of official character and authority.]*

a valid assignment to plaintiff. But there is not a particle of evidence showing or tending to show the official character of these persons, or that they, as officers, or in any other capacity, were authorized to execute the instrument in the name of the bank. They are designated in the acknowledgment as the president and cashier of the bank, but the officer taking the acknowledgment does not certify or state that they are such officers. It is not sufficient to establish the official character of a person to designate him as an officer. There must be competent and sufficient proof of his authority to act in an official capacity. In our opinion the assignment and acknowledgment, in the absence of proof of the authority of the persons executing the instrument in the name of the bank, are not sufficient to establish the fact of the assignment to plaintiff.

III. But it is insisted that plaintiff shows by his own evidence that he is the owner of the judgment. He states that he is the owner and assignee thereof. But he 2. EVIDENCE: facts control witness' conclusions. states the grounds upon which he bases this conclusion. These are the written assignment and his negotiation with certain persons for the purchase of the judgment. As we have seen, the assignment does not establish his ownership of the judgment. He shows by his own evidence that the judgment really belongs to one Goetz, and not to the bank; that he wrote to Goetz and received a reply from one Miller. The assignment was sent to a bank at Decorah, to which plaintiff paid the money agreed upon in the negotiations. He does not show that Miller was authorized to act for Goetz, or the Princeton bank to act for either of them. He thus fails to show his ownership of the judgment and to support his right thereto. In our opinion the circuit court rightly dismissed plaintiff's petition.

AFFIRMED.