(No. 15144.—Decree affirmed.)

THE VILLAGE OF DOWNER'S GROVE, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. SPECIAL ASSESSMENTS—*what is covered by title of Local Improvement act.* The title of the Local Improvement act is broad enough to include any legislation which has for its purpose the making of local improvements, the levying of assessments and the collection of the same to pay for local improvements when made.

2. SAME—*section 56 of Local Improvement act, as amended in 1915, does not amend Revenue act.* Section 56 of the Local Improvement act, as amended in 1915, does not amend section 253 of the Revenue act in regard to the lien for special assessments but merely provides that the lien shall continue until the judgments are paid or the property is sold to pay the same; and the provision that a foreclosure may be had by a municipality or its assignee without a forfeiture is not an amendment but merely modifies a condition where the foreclosure is by the municipality.

3. SAME—*statute allowing foreclosure of assessment lien by a municipality is not in violation of constitution.* Section 56 of the Local Improvement act, as amended in 1915, allowing a municipality to foreclose the lien for a delinquent assessment, does not violate section 4 of article 9 of the constitution, prohibiting a sale on foreclosure, or otherwise, except upon an order or judgment of a court of record and by the general officer authorized to receive State and county taxes, where the foreclosure decree provides that payment shall be made to the county collector and in default of such payment the premises shall be sold by him.

APPEAL from the Circuit Court of DuPage county; the Hon. C. F. IRWIN, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

A. B. SNOW, City Attorney, C. D. KNIGHT, and ALFRED R. PATTON, (SAMUEL J. HOWE, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The village of Downer's Grove filed in the circuit court of DuPage county on April 20, 1920, its bill in equity praying for a foreclosure of numerous liens for special assessments levied for local improvements for which judgments had been entered in the county court confirming the assessments during the period from 1904 to 1919, inclusive, which had become delinquent, and where judgments and orders of sale against each of the lots and tracts of land had been rendered and when offered for sale by the county collector, no bids having been made, the same were forfeited to the State. The bill described about 185 lots or tracts of land, and 600 or more persons were named as defendants as well as a large number of unknown owners. Dietrich Arnold was one of the defendants and filed his demurrer to the bill, raising the question whether section 56 of the act concerning local improvements, which purported to authorize the proceeding, was in violation of the constitution. The demurrer was overruled and he elected to abide by the demurrer. Jacob Glos filed an answer, which was stricken from the files, and by leave of court he filed an amended answer alleging the invalidity of section 56. Evidence was heard by the chancellor and a decree entered in accordance with the prayer of the bill, from which Jacob Glos and Dietrich Arnold appealed to this court.

The errors relied upon for reversal of the decree are, that section 56 of the Local Improvement act as amended is unconstitutional and void, and that the village of Downer's Grove was not authorized by law to institute or carry on the foreclosure proceeding.

The grounds upon which it is contended that section 56 is void are, that the subject matter is not expressed in the title, and that it amends section 253 of the Revenue law, providing for foreclosure of tax liens, contrary to section 13 of article 4 of the constitution. The title of the act is, "An act to amend section 56 of an act entitled 'An act concerning local improvements,' approved June 14, 1897, in force July 1, 1897, as subsequently amended." The act contains these provisions: "Such judgments shall be liens on behalf of the municipality making the improvement, for the payment of which said special tax or special assessment is levied, on the property assessed from the date thereof, to the same extent and of equal force and validity as a lien for the general taxes until such judgments are paid or the property against which any such judgment is entered is sold to pay the same.  *  *  *  The municipality on behalf of which such lien is created may sell and assign the same and either the municipality or the assignee of such judgment lien may at any time in its or his own name, file a bill to foreclose said lien in the same manner that foreclosures are by law permitted in case of delinquent general taxes: *Provided, however,* that no forfeiture of the property sought to be foreclosed shall have been as a prerequisite to such foreclosure." (Laws of 1915, p. 287.)

The title of the act concerning local improvements is broad enough to include any legislation which has for its purpose the making of local improvements, the levying of assessments, and the collection of the same to pay for local improvements when made. If counsel mean that the title of the amendatory act is not within that general subject the claim is unfounded. The act relates to only one subject matter, and all its provisions, including section 56 as amended, relate to the same subject matter and are incidental to its accomplishment. The act of 1897 provided methods for the collection of special assessments, and the

amendment of 1915 merely gives an additional remedy for collection and enforcement of the lien of the municipality.

It is next contended that section 56 is void because it amends section 253 of the Revenue act in three particulars: First, it makes the lien for special assessments a lien in favor of the municipality; second, it provides that in case of foreclosure it shall not be a necessary prerequisite that there have been forfeitures for two years; and third, it permits a foreclosure by the municipality or its assignee and does not set out the words of section 253 as amended. Section 56 as amended in 1915 did not create the lien in favor of the municipality, but the local Improvement act of 1897, referring to judgments for special assessments, provided: "Such judgments shall be a lien upon the property assessed from the date thereof, to the same extent and of equal force and validity as a lien for the general taxes, for a period of five years, if such assessment is payable in a single sum; if payable by installments, then until five years after the last installment comes due." (Laws of 1897, p. 102.) The amendment merely provides that the lien shall continue until the judgments are paid or the property against which any judgment is entered is sold to pay the same. Section 253 of the Revenue law as amended in 1881 provides that "the taxes upon real property together with all penalties, interests and costs that may accrue thereon shall be a prior and first lien on such real property superior to all other liens and incumbrances from and including the first day of May in the year in which the taxes are levied until the same are paid." Section 56 makes no change of the law in that respect but refers to the Revenue law for the extent and duration of the lien. Section 56 provides that forfeitures for two years shall not be a necessary prerequisite to a foreclosure instituted by the municipality, while section 253 of the Revenue act requires such forfeitures in case of a foreclosure in the name of the people for general taxes, which includes delinquent special assessments.

(*People* v. *Weber*, 164 Ill. 412.) This does not change or amend the Revenue act but modifies a condition where the foreclosure proceeding is by the municipality.

Section 56 permits a foreclosure by the municipality or its assignee, but this is not amendatory of the Revenue act, which provides for a foreclosure of liens for taxes in the name of the people, and provides that the property charged with taxes may be sold under the order of the court by the person having authority to receive State and county taxes; nor is it in conflict with section 4 of article 9 of the constitution, which provides that where it may be necessary to sell real estate for the non-payment of taxes or special assessments, a return of unpaid taxes or assessments shall be made to some general officer having authority to receive State and county taxes, and there shall be no sale of said property for any of said taxes or assessments but by said officer upon the order of some court of record. The constitutional provision prohibits a sale on foreclosure or otherwise except upon an order or judgment of some court of record, and section 56 makes provision for such judgment. The sale must be by the general officer of the county having authority to receive State and county taxes, and that was the prayer of the bill in this case and the decree of the court. The decree provided that payment should be made to the county collector, and in default of such payment the lands, lots and premises should be sold by the county collector. The constitution does not require that the application for judgment or decree shall be by the general officer. The application for judgment confirming a special assessment and fixing a liability is by the municipality, and the constitution only requires that the sale shall be made by the general officer authorized to receive payment.

None of the reasons presented are sufficient to require a decision that section 56 violates any constitutional provision.

The decree is affirmed.            *Decree affirmed.*