Evangelical Slovak Women's Union, a Corporation, Plaintiff Below, Herman Brown, Appellant, v. Anna M. Papanek, et al., Defendants Below, Marie J. McLoughlin, Defendant and Petitioner Below, Appellee.

Gen. No. 46,618.

First District, First Division.

January 9, 1956.

Released for publication February 27, 1956.

Leonard L. Levin, of Chicago, for Herman Brown, appellant.

Robert L. Huttner, Sinon A. Murray, and H. J. Rosenberg, all of Chicago, for Marie J. McLoughlin, appellee; Robert L. Huttner of Chicago, of counsel.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Evangelical Slovak Women's Union, a corporation, filed proceedings in the Superior Court for the foreclosure of a trust deed. Pursuant to a master's sale on August 23, 1934, the court on October 4, 1934 entered a deficiency decree against defendants Marie J. and William P. McLoughlin, her husband, in the amount of $6528.72. No execution ever issued. On January 13, 1953, some nineteen years later, plaintiff assigned the deficiency decree to Herman Brown who resided in the state of Michigan. The assignment was filed in the office of the clerk of the Superior Court on April 17, 1953.

Thereafter, on April 28, 1953, Brown, the assignee, brought suit at law against Marie J. McLoughlin in the Superior Court of Cook County for some $12,000, representing the amount of the decree plus accrued interest. On May 11, 1954 defendant filed in the instant proceedings a verified petition to set aside the deficiency decree on the ground that she had not been served with summons. Her husband had died prior thereto. The merits of this defense are not an issue in this appeal. In her petition she also challenged the validity of the assignment for the following principal reasons: (a) the consideration paid by Brown was purely nominal; (b) the assignment was not executed under the corporate seal of Evangelical Slovak Women's Union, or by authority of its directors; and (c) the assignment failed to state the amount of interest allegedly due on the decree.

June 9, 1954 Brown filed his verified answer to this petition, denying the allegations thereof relating to the alleged insufficiency of the assignment and stating that it was valid as against the defendant. The matter was then referred to a master in chancery who heard all the testimony as to the merits of the defense, and was then directed by the chancellor to file a preliminary

report covering only the legal sufficiency of the assignment. The master filed such report on October 13, 1954 finding that (a) the assignment was not a corporate assignment and was not executed pursuant to the authority or direction of the directors or under the corporate seal; (b) the acknowledgment of the assignment was void because the testimony of the notary showed that two of the officers who executed it did not appear before her; (c) there was no testimony to show who were the officers of the assignor, or whether they signed or delivered the assignment, or whether the assignee paid any consideration therefor; (d) the assignment was not executed as the corporate act of the assignor but by the assignors thereof in their individual capacities; and (e) the answer of the assignee failed to set forth under oath that he was the actual bona fide owner of the decree, or when and how he acquired it.

The only testimony taken by the master which is material to this appeal is that of the notary, Elizabeth Andrisek. After defendant had rested her case in chief, she called this witness in rebuttal. The assignee objected on the specific ground that her testimony was not proper in rebuttal, but the objection was overruled. This witness testified that she acknowledged the assignment as a notary public, but that the document was given to her for acknowledgment by Mrs. B. Spacek, who signed as secretary of the assignor; that she took the acknowledgment outside of the presence of Tanja B. Sturman and Zuzanna Benedek, who signed as president and treasurer of the assignor, but that she was familiar with the signatures of these persons. On cross-examination the assignee asked her to state if the signatures of these persons appeared on the document. General objection was made by defendant and sustained by the master. The assignee then offered to prove by this witness that the signatures on this document were the true signatures of Tanja B. Sturman and Zuzanna Benedek.

301

The assignee filed detailed objections to each and every adverse finding of the master, most of which were overruled. The decree appealed from was entered November 26, 1954. It sustained certain of the exceptions taken by the assignee to the master's report, holding that the master should have found that acknowledgment of the assignment was unnecessary; that the acknowledgment was surplusage only; that the corporate seal was not required; that no consideration was required; that the question of consideration could not be raised by the defendant; and that the Civil Practice Act did not require the assignee to set forth in his answer to the petition to vacate the decree how he acquired title thereto. In these respects the decree is contrary to the basic conclusions of the master.

However, the court found that the assignment was executed by Tanja B. Sturman and Zuzanna Benedek in their individual capacities and not as officers of the assigning corporation; that the assignee did not prove that they were the officers of the assignor when the assignment was executed or that they executed the assignment as such officers; that the assignment does not indicate that it was executed by the authority of the assignor, a significant consideration in view of the fact that the assignor was not in the business of selling judgments; and that the officers had no implied power to assign the judgment. The decree found that the burden rested upon the assignee to make proof of the corporate authority, and accordingly that the assignee had no right to resist the petition of the defendant to vacate the deficiency decree. The master was therefore directed to proceed to file a subsequent report upon the merits of the petition to vacate the decree. That phase of the case is still pending in the Superior Court.

■ At the outset of her brief defendant argues that the decree appealed from "was an interim decree

based on an interim master's report"; that it was not final and therefore not appealable. Although no motion was made to dismiss the appeal, defendant suggests that the court should do so of its own motion. Walters v. Mercantile Nat. Bank of Chicago, 380 Ill. 477, and Reichwein v. McCarthy, 300 Ill. App. 237, are cited in support of this contention. Both these decisions are readily distinguishable. In the Walters case the Circuit Court entered a decree construing only one provision of a will, leaving the remaining important questions of construction undisposed of, and the rights of various parties undetermined. The Supreme Court dismissed the appeal with the observation that section 50 of the Civil Practice Act [Ill. Rev. Stats. 1955, ch. 110, § 50; Jones Ill. Stats. Ann. 104.050] does not have the effect of authorizing a court to construe a will by piecemeal and to enter separate decrees, at different times, leaving the construction of all other matters to future litigation and determination. In the Reichwein case the special issue as to whether or not plaintiff had the right to institute foreclosure proceedings was presented for determination; the decree of the trial court found that plaintiff had such right. The Appellate Court dismissed an appeal from the decree, holding that it did not dispose of any of the questions that the court would be obliged to consider in the foreclosure, nor did it adjudicate the rights of the parties. The decree in the instant proceeding determined Brown's rights and has in effect finally eliminated him from the proceedings; it decided that he has no rights in this cause, denied him the right "to participate in any way in the hearing on the petition of said defendant, Marie J. McLoughlin, to vacate said deficiency judgment"; and directed the master to proceed to make his report on defendant's motion to vacate the decree. The decree appealed from is final as to Brown and therefore appealable.

■ The legal validity of the assignment to Brown is the only issue in this appeal. Historically, there was no method of assigning a judgment at common law. Illinois statutes make no provision for assignment of judgments or decrees, but it has long been traditional with courts of equity to disregard the common-law rule and protect the assignee, and this principle ought to be the more readily applied when the assignment is of a deficiency decree duly entered by a court of equity, and where the assignee seeks to protect his rights in the same court which entered the decree. In the early case of Crawford v. Logan, 97 Ill. 396 (1881), on hearing of a creditor's bill brought by an assignee of a judgment, defendants contended that the assignee could not maintain the bill, but the court expressly found that he was not precluded from doing so.

■■ Where the principle of recognizing an assignment of a decree is being applied in a court of equity, which always looks to the substance rather than to the form, the rule has invariably been that no particular form of assignment is required; any document which sufficiently evidences the intent of the assignor to vest ownership of the decree in the assignee is sufficient to effect an assignment in equity. The only limitation which exists as to this principle, so far as we are able to ascertain, is section 2 of rule 15 of the Superior Court, which provides that judgments or decrees may be assigned by a duly executed instrument of assignment filed with the clerk or by an order of the court. Brown complied with this rule by filing the assignment in the clerk's office on April 17, 1953.

"Generally, to constitute an assignment there must be a purpose to assign or transfer the whole or a part of some particular thing, debt, or chose in action, and the subject matter of the assignment must be described with such particularity as to render it capable of identification. No greater particularity, however, is required than is actually necessary to do this, with the

aid of the attendant and surrounding circumstances."
6 C. J. S. Assignments § 44. This principal has been
followed in Illinois. Savage v. Gregg, 150 Ill. 161;
Reinhardt v. Security Ins. Co. of New Haven, Conn.,
312 Ill. App. 1; Colehour v. Bass, 143 Ill. App. 530.
See also 6 C. J. S. Assignments § 58. In the circum-
stances, we think that the various technicalities raised
by defendant have no legal validity; and it should be
noted again that the court, in sustaining certain ex-
ceptions taken by the assignee to the master's report,
held that he should have found that acknowledgment
of the assignment was unnecessary, that the acknowl-
edgement was surplusage, that the corporate seal was
not required, that the question of consideration could
not be raised by defendant, and that the Civil Prac-
tice Act did not require the assignee to set forth in his
answer how he acquired title to the judgment.

▄ This leads to a consideration of the decisive
question at issue, whether the assignment was properly
and sufficiently executed by the corporate officers of
the assignor acting not as individuals but in their
respective corporate capacities. The document is
signed "EVANGELICAL SLOVAK WOMEN's UNION By
Tanja B. Sturman (Seal), President, Zuzanna Benedek
(Seal), Treasurer, Sealed and Delivered in the Pres-
ence of Bazen B. Spacek, Secretary." The acknowl-
edgment of the notary public certifies "That Tanja B.
Sturman, President, and Zuzanna Benedek, Treasurer,
personally known to me to be the same persons whose
names are subscribed to the foregoing instrument, ap-
peared before me this day in person, and acknowledged
that they signed, sealed and delivered the said Instru-
ment as their free and voluntary act, for the uses and
purposes therein set forth, including the release and
waiver of the right of homestead."

Defendant takes the position that an examination
of the face of the assignment, of "the wholly defective
certificate of acknowledgment thereof," coupled with

305

the testimony of the notary public, warranted the trial court in finding that the assignment was not the legal act of the corporation, that the deficiency judgment was not legally and validly assigned and delivered to Brown by plaintiff in its corporate capacity, that neither the president, treasurer or secretary of the corporation, individually or collectively, had the implied power to execute and deliver the assignment to Brown on behalf of the corporation without the specific authority of the board of directors; and she argues that Brown had the burden of proving the authority of officers to bind the corporation to the assignment.

In support of these contentions defendant relies principally on two cases discussed in her Additional Citation of Authorities and Supplemental Argument Thereon filed by leave of court after the case was argued orally. The first of these is Klemme v. McSay, 68 Iowa 158, 26 N. W. 53 (1885). Defendant there had a decree of foreclosure and judgment against one Youngck and became the purchaser of mortgaged land at a sale on special execution. The Farmers' National Bank of Princeton, Illinois, held a judgment against Youngck, rendered prior to the foreclosure decree. The plaintiff, claiming to be "the owner and holder" of that judgment, filed an assignment in the clerk's office purporting to be executed by and in the name of the bank by the president and cashier thereof and who were so designated in the acknowledgment of the assignment before a notary public of the State of Illinois. Plaintiff paid to the clerk the amount required to redeem from the sale to the defendant, but the sheriff refused to recognize the redemption on the ground that it was not made to appear that plaintiff was the owner or assignee of the judgment, and accordingly he made a deed for the land to the defendant. The assignee thereupon filed a bill in chancery to set aside the sheriff's deed to defendant and to require the sheriff to make a deed to plaintiff as a redemptioner

306

from the sale and judgment under which the deed was made. He relied upon the assignment of judgment and in addition thereto submitted his own evidence. Upon trial on the merits, plaintiff's petition was dismissed by the court. The Supreme Court of Iowa affirmed the order of dismissal, first observing that the assignee, in attempting to make proof of the validity of the assignment, proved instead that the judgment was not owned by his alleged assignor, the Farmers' National Bank of Princeton, Illinois, but that it really belonged to an individual named Goetz. As we read the opinion, this factor alone forms sufficient basis for the decision. However, there were other reasons for the refusal of the court to honor the assignment. The assignment itself contained no evidence as to the official character of those who executed it; their status as president and cashier of the alleged assignor bank appeared only in the acknowledgment, whereas, in the case at bar, the official standing of the officers is set forth in the assignment itself. With respect to the proof attempted to be made by the assignee, the Iowa court said that "there is not a particle of evidence showing or tending to show the official character of these persons, or that they, as officers, or in any other capacity, were authorized to execute the instrument in the name of the bank. They are designated in the acknowledgment as the president and cashier of the bank, but the officer taking the acknowledgment does not certify or state that they are such officers. It is not sufficient to establish the official character of a person to designate him as an officer. There must be competent and sufficient proof of his authority to act in an official capacity. . . . The assignment and acknowledgment, in the absence of proof of the authority of the persons executing the instrument in the name of the bank, are not sufficient to establish the fact of the assignment to plaintiff." It is important to note that in the cited case the assignee sought affirmative relief. He had filed a bill in equity

307

to set aside a sheriff's deed, and it was therefore incumbent upon him to prove the validity of the assignment.

Similarly, in the case of Toledo Computing Scale Co. v. Computing Scale Co., 208 Fed. 410, the other citation upon which defendant relies in her supplemental citation of authorities, the assignee sought affirmative relief by way of enforcement of patent rights, and relief against an infringement. It should be noted that the acknowledgment involved a patent assignment, governed by Federal statute. The acknowledgment was taken in Massachusetts, and the document was executed in that state in accordance with the mandatory requirements of the Massachusetts statutes. In the case at bar, there is no requirement, statutory or otherwise, for acknowledgment of the assignment; furthermore, under Federal law, an assignment of a patent, in itself, is not proof of the execution thereof unless duly acknowledged. This is a special rule which applies to assignment of patents, as appears from the language of the court: "Certified copies of assignments of patents, not duly acknowledged, are not proof of execution." See also Paine v. Trask (C. C.), 56 Fed. 233; New York v. American Cable Ry. Co., 60 Fed. 1016, 9 C. C. A. 336; and National Cash-Register Co. v. Navy Cash-Register Co. (C. C.), 99 Fed. 89. In the instant proceeding it was the decree debtor, or defendant, who sought affirmative relief, and obtained the entry of a decree finding that the assignment was invalid, thereby precluding Brown, the assignee, from participating in the proceedings. Under the circumstances, the burden of proof in establishing the invalidity of the assignment should rest solely on defendant. The decree appealed from found that the burden of proof rested upon the assignee.

Brown's counsel calls our attention to a later Iowa case, Guernsey v. Black Diamond Coal & Mining Co., 99 Iowa 471, 68 N. W. 777 (1896), which is not cited

by defendant. In that case an assignee of two judgments sued in chancery to set aside conveyances of real estate made by the debtor. One assignment was made by Marquardt Savings Bank and was signed only "G. W. Marquardt, Pres."; the other assignment was by Iowa National Bank, signed "Ed H. Hunter, Pres't Iowa Nat'l Bank." The defendants objected to the assignments on the ground that it did not appear that the officers of the respective banks had authority to make them, and cited the case of Klemme v. McSay. The court differentiated the case as follows: "In that case it was questioned whether the persons executing the assignment were officers of the bank, authorized to make the assignment, while in this the objection is not, that they were not presidents of the banks for which they acted, but that it is not shown that, as such, they had authority to make these assignments"; and then proceeded to hold, as the assignee argues in this proceeding, that the president of the bank had inherent authority to execute the assignment, and a decree in favor of the assignee was accordingly affirmed. We think that the Guernsey case, rather than the Klemme decision, is in point. The Guernsey case brings the Klemme opinion into sharper focus by emphasizing that in Klemme v. McSay the assignment itself did not show in any manner that the persons who executed it had official standing with the assignor corporation.

Defendant's petition to vacate the deficiency decree presented, in the main, only general legal objections to the validity of the assignment, most of which were decided against defendant by the decree which specifically held them unfounded in law; nevertheless, the decree concludes that the assignment is invalid. We are of the opinion that the court erred in so holding, and accordingly the decree appealed from is reversed.

Decree reversed.

BURKE and NIEMEYER, JJ., concur.