John J. Hogan and J. C. Merchant, a Copartnership Doing Business as Hogan and Merchant, Plaintiff-Appellee, v. Daniel J. Dalziel, as Trustee Under the Provisions of a Trust Agreement Dated September 25, 1937 and Known as Trust No. 6, et al.

Gen. No. 11,611.

Second District, Second Division.

February 19, 1963.

Mark Drobnick, of Waukegan, for appellants.

M. J. Pucin and Glenn K. Seidenfeld, of Waukegan, for appellee.

CROW, J.

This is an appeal by the defendants from a decree foreclosing certain City of Waukegan special assessment liens in a foreclosure suit brought by the assignees of the City of Waukegan who had purchased the liens from the City. The defendants had filed an amended motion to dismiss the complaint asserting that the suit was barred by the twenty year Statute of Limitations under Section 25 of an Act in regard to Limitations, as amended, Ill Rev Stats 1955, c 83, § 24b, or by the five year Statute of Limitations under Section 15 of the same Act, Ill Rev Stats 1955, c 83, § 16. The complaint discloses that these special assessment liens are predicated upon judgments of confirmation entered in 1927 and 1928, upon which there had been no payments, the total amounts remained wholly unpaid as of the filing of the complaint, and that the plaintiffs' assignees acquired title to the liens sought to be foreclosed by sales and assignments thereof by the City on November 15, 1950, certificates of sale having been executed by the City of Waukegan on November 16, 1950. The complaint to foreclose was filed November 25, 1955. The Trial Court denied the amended motion to dismiss. Thereafter the defendants filed an amended answer, which, among other things, admits the City executed and delivered to the plaintiffs the Certificates of Sale and Assignment re-

ferred to in the complaint, says the special assessments have been collected by the City, and denies the City has any lien. The Court heard the evidence and found the unpaid special assessments, together with interest, penalties, and costs, are a first and prior lien upon the parcels of real estate of the respective defendants, subject only to general taxes. No evidence was offered by the defendants. The decree of foreclosure in favor of John J. Hogan, plaintiff, was entered September 8, 1961.

The defendants urge the following alleged errors: (1) the Court should have dismissed the cause of action on their amended motion to dismiss because of either or both of the foregoing 20-year or 5-year Statutes of Limitations; (2) the sale of the liens by the City of Waukegan was itself a collection, thereby causing the liens to become terminated and extinguished; and (3) the subject matter of the assignment of the interest of the estate of J. C. Merchant, deceased, one of the original plaintiffs, to John J. Hogan, the other plaintiff, was not properly identified, the parties did not contract for the transfer thereof, and, therefore, that assignment was invalid.

The plaintiff's theory is that the decree of foreclosure is proper, neither of the statutes of limitation referred to by the defendants applies to the foreclosure of special assessment liens, the lien sale by the City did not extinguish the liens, but assigned them to the plaintiff, and gave the assignee full authority to foreclose them, and the liens were properly foreclosed in the name of the plaintiff Hogan upon the suggestion of death of Merchant and the assignment of his interest to Hogan by the Merchant estate.

The suit was originally brought in the name of John J. Hogan and J. C. Merchant, a copartnership doing business as Hogan and Merchant. Evidently some 111 different parcels of real estate and some 111

separate (though similar) Certificates of Sale and Assignment are involved. The liens had been purchased by the partnership and the Certificates of Sale and Assignment from the City were to them, "Hogan and Merchant." Mr. Merchant thereafter died. On April 17, 1961, before trial, the death of Merchant was suggested and an order was entered continuing the suit in the name of Hogan as the assignee of and successor to all of the right, title and interest of the Merchant estate in all special assessment liens purchased by the partnership from the City of Waukegan. The plaintiffs' collective exhibit 3 was an Assignment from Violet R. Merchant, Merchant's widow, individually, as executor, and as trustee under his will, stating that, for a valuable consideration and in pursuance of an Order of the Probate Court of Lake County for the sale and distribution of assets of the partnership known as Hogan and Merchant, she "hereby assigns all of the right, title and interest of the undersigned in and to the assets of the partnership known as Hogan and Merchant, a list of which assets is set forth in the certified copy of the Order of Court hereinabove mentioned, a copy of which Order is hereto attached, to John J. Hogan, surviving partner of the partnership of Hogan and Merchant . . . ." The attached Order of the Probate Court in the Estate of Jay C. Merchant, deceased, entered on the verified petition of Violet R. Merchant, executor, authorized and directed the sale of all of the right, title, and interest of Merchant in the assets of the partnership to John J. Hogan, the surviving partner, and in listing the particular assets the Order states, inter alia: "Special assessment liens assigned by City of Waukegan to Hogan and Merchant . . . $16,497.10." The Order does not further specify, or spell out, the particular liens so transferred to Hogan, either by the numbers of the Certificates of Sale and Assignment, or otherwise. That Order authorized and directed the executor to execute such documents,

24

assignments, etc. that may be necessary to transfer the above described assets to John J. Hogan to the end he shall be the sole owner thereof. The certificates of lien sales and assignment here concerned, plaintiff's collective exhibit 2, were produced in Court by the plaintiff John J. Hogan and he testified that ". . . we owned them until Mr. Merchant passed away and I purchased the interest in the Merchant estate liens." There was no specific further assignment or endorsement as such on each individual Certificate of Sale from Merchant or his estate to Hogan. Hogan testified that he was the present owner and holder of each of the certificates of sale and assignment, being all of the liens herein concerned. No contradictory evidence was introduced.

Section 25 of an Act in Regard to Limitations, as amended, Ill Rev Stats 1955, c 83, § 24b, one of the statutes of limitation on which the defendants rely, is, in part, as follows:

"Judgments in any court of record in this State may be revived by scire facias, or by ordinary civil action in lieu of scire facias as provided by the Civil Practice Act, . . . or a civil action may be brought thereon within twenty years next after the date of such judgment and not after; . . ."

Section 15 of the same Act, Ill Rev Stats 1955, c 83, § 16, the other statute of limitations on which the defendants rely, is, in part, as follows:

". . . and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

At the time of the sales and assignments of liens herein concerned, in 1950, and at the time of the filing of the complaint to foreclose, in 1955, Section 84–56 of the Cities and Villages Act, as amended, Ill Rev Stats 1955, c 24, § 84–56, being a part of Article 84, Local

25

Improvements, §§ 84–1 to 84.1–49, provided, in part, as follows:

> "Such judgments shall be liens on behalf of the municipality making an improvement, for the payment of which the special tax or special assessment is levied, on the property assessed from the date thereof, to the same extent and of equal force and validity as a lien for the general taxes until the judgments are paid or the property against which any such judgment is entered is sold to pay the judgment.
>
> . . . . . .
>
> The municipality on behalf of which such a lien is created may sell and assign the lien; . . . Either the municipality or the assignees of that judgment lien, at any time in its or his own name, may file a bill to foreclose the lien in the same manner that foreclosures are permitted by law in case of delinquent general taxes. . . ."

See also: Ill Rev Stats, 1949, c 24, § 84–56.

Neither the defendants nor plaintiff refer in their pleadings, or otherwise refer in the Trial Court, or here, to any other possibly applicable provision of the Cities and Villages Act, as amended, except the foregoing Section 84–56.

We do not believe that either the foregoing 20 years' limitation or 5 years' limitation provisions of the Act in Regard to Limitations, as amended, Ill Rev Stats, 1955, c 83, §§ 24b and 16, to which the defendants refer, are applicable to this complaint to foreclose these special assessment liens. The defendants refer us to no Illinois cases holding otherwise. Under Section 84–56 of the Cities and Villages Act, as amended, Ill Rev Stats, 1955, c 24, § 84–56 (or Ill Rev Stats, 1949, c 24, § 84–56), the only part of that act referred to by the parties herein, judgments for

26

these special assessments "shall be liens . . . until the judgments are paid or the property against which any such judgment is entered is sold to pay the judgment. . . .", and ". . . Either the municipality or the assignees of that judgment lien, at any time . . . , may file a bill to foreclose the lien . . ." Article 84, Local Improvements, pars 84–1 to 84.1–49, of which Section 84–56 is a part, is a complete code of procedure in local improvement proceedings: Cf. City of Breese v. Abel et al. (1935), 359 Ill 579, 195 NE 456. The judgments for these special assessments are, by the express terms of that Section 84–56, to which the parties refer, liens until they are paid or the property is sold to pay them, and a bill to foreclose the liens may be filed at any time, and there is no provision therein limiting the time within which the liens shall be extant or the bill to foreclose the same may be brought. This Complaint to foreclose these special assessment liens is not a civil action "not otherwise provided for" within the meaning of Ill Rev Stats, 1955, c 83, § 16; it is otherwise provided for by Ill Rev Stats, 1955 (or 1949), c 24, § 84–56. And this is not an ordinary civil action on an ordinary judgment within the meaning and intent of Ill Rev Stats, 1955, c 83, § 24b; it is a complaint to foreclose a particular kind of a judgment lien for a special assessment of a municipality specially provided for by Ill Rev Stats, 1955 (or 1949), c 24, § 84–56. See: Shepard v. People ex rel. Raymond etc. (1903), 200 Ill 508, 65 NE 1068.

Under the express terms of the particular statute to which the parties refer, Ill Rev Stats, 1955 (or 1949), c 24, § 84–56 the City "may sell and assign the lien," and "Either the municipality or the assignees of that judgment lien, at any time in its or his own name, may file a bill to foreclose the lien . . . ." The sale and assignment of the lien clearly does not terminate and extinguish the lien. If it did the statute would be pointless and meaningless,—there would be

27

nothing for the city to sell, and there would be nothing for the City or the assignee to foreclose. The statute was intended to have a purpose. It does not operate in a vacuum. It particularly authorizes the City to sell and assign something,—namely, the lien,—and it particularly authorizes the City or the assignee thereof to file a bill to foreclose something,—namely, the lien. Surely the occurrence of the very event authorized by the statute,—the sale and assignment of the lien,— does not, eo instanti, terminate and extinguish the subject matter of the statutory sale,—the lien, and prevent the subsequent procedure particularly permitted by the same statute,—the foreclosure of that lien. No such anomaly was intended by the Legislature. A municipality may assign the enforcement of this special assessment type of lien if given express statutory authority to do so, as it has been here; when the procedure of sale of this type of lien is followed by the City the assignee is authorized to initiate foreclosure proceedings,—and it is necessarily implied that the purchaser of the lien may direct its release; the right of the assignee to foreclose the judgment lien stands on equal footing with the City's right to foreclose if it had so elected; the right of the City to sell and assign is a valid method of collection,—an alternate available means of collection, as distinguished from foreclosure; the sale of the lien is itself a collection in the sense that the interest of the special assessment bondholder and of the City in the lien terminates when that sales money is paid over to him and it,—but that, of course, does not at all mean the lien itself which has been so sold has by that very act of sale been terminated and extinguished: People ex rel. Drobnick v. City of Waukegan et al. (1954), 1 Ill2d 456, 116 NE2d 365. (This is the only case referred to by the defendants on this point.) In the event of a sale and assignment of this type of lien by the City the assignee is, in turn, authorized to initiate foreclosure proceedings, and the pur-

chaser of the lien may direct its release and discharge on the records: Bromberg v. Kulp (1947), 398 Ill 449, 76 NE2d 45. And see: Village of Downers Grove v. Glox et al. (1923), 307 Ill 293, 138 NE 594.

We believe the subject matter of the assignment of the interest of the estate of J. C. Merchant, deceased, one of the original plaintiffs, in these Certificates of Sale and liens to John J. Hogan, the other plaintiff, is adequately identified, the parties, namely, the estate of J. C. Merchant, deceased, and John J. Hogan, did contract for and effectuate the transfer thereof, and that assignment is valid. Equity always looks to the substance rather than to the form; no particular form of assignment is required; any document which sufficiently evidences the intent of the assignor to vest ownership in the assignee is sufficient to effect an assignment in equity; to constitute an assignment there must be a purpose to assign or transfer the whole or a part of some particular thing, debt, or chose in action, and the subject matter of the assignment must be described with such particularity as to render it capable of identification; no greater particularity, however, is required than is actually necessary to do this, with the aid of the attendant and surrounding circumstances: Evangelical Slovak Women's Union v. Papanek (1956), 8 Ill App2d 298, 132 NE2d 20. J. C. Merchant, one of the partners of Hogan and Merchant, the original assignees of these Certificates of Sale from the City, had a valid, subsisting interest therein, to which his estate succeeded, which might properly be transferred or assigned to another, at least in equity, so as to enable the assignee to enforce the same; from the time the assignment was made, whatever interest J. C. Merchant, or his estate, had in the Certificates passed to John J. Hogan; in order to constitute a valid assignment of a debt or other chose in action, in equity, no particular form of words is necessary; any words are sufficient which show an inten-

tion of transferring or appropriating the chose in action to the assignee for a valuable consideration: Savage etc. v. Gregg (1894), 150 Ill 161, 37 NE 312. And see: Gray etc. v. Bever et al. (1905), 122 Ill App 1. The Assignment from Merchant's widow, individually, as executor, and as trustee under his will, to John J. Hogan, and the Order of the Probate Court, a copy of which is attached to the Assignment, seem sufficiently clear and definite. "Special Assessment liens assigned by City of Waukegan to Hogan and Merchant . . . $16,497.10," though brief, is adequate to cover the liens herein concerned. In the absence of some applicable excepting language, and there is none, that means all such liens, including those in this foreclosure case. They might have been further specified, or spelled out, or particularized by numbers, or otherwise, but we see no necessity for doing so. Each individual Certificate of Sale might have been further specifically assigned or endorsed from the Merchant estate to Hogan, but that was not necessary in view of the general Assignment and Order, and was probably not done for that reason and because of the large number thereof. In view of all the evidence, including Mr. Hogan's production of the Certificates and testimony as to his ownership, and the absence of any contradictory evidence, the Assignment by the Merchant estate of its interest to Hogan is valid. The intention of the parties is clear. The subject matter is capable of identification. There was a valuable consideration. The defendants refer us to no Illinois cases on this point.

As the case is presented to us, and as it was presented to the Trial Court, we find no error in the decree of foreclosure and it will be affirmed.

Affirmed.

WRIGHT, P. J. and SPIVEY, J., concur.