Harvard L. Smith, Plaintiff-Appellee, v. Nancy Smith, Also Known as Nancy Cahill, Defendant-Appellant.

Gen. No. 48,482.

First District, Third Division.
March 28, 1962.
Rehearing denied April 25, 1962.

Jacobson and Bluthardt, of Franklin Park, for appellant.

Guerine and Guerine, of Melrose Park (Charles D. Snewind, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

A Florida divorce decree obtained in 1956 by Nancy Smith, the defendant in the present case, gave her custody of the parties' two year old son. The court retained jurisdiction to enter further orders pertaining to the child's support and custody.

In September 1960 the father filed a complaint in Cook County, where the parties were residing, alleging that he was ready and able to provide for his son and that he had been refused the right of visitation. He asked the court to fix reasonable times and places for such visits.

The defendant, who had remarried in 1959, answered that the plaintiff had abandoned their child; that he had not seen, had made no request to see and had not contributed to the child's support since 1956. She stated that she had maintained the child and that she was able and willing to continue doing so.

In his reply the plaintiff denied either abandoning or not trying to see his son; he charged that the defendant had taken the boy away and that he did not know where they had gone.

57

He filed a motion in accordance with the prayer of his complaint which the court granted. The order allowed him to have the child for six hours on alternate Saturdays and Sundays and provided that he should pay $20 each week. The defendant has appealed from this order.

The defendant asserts that the court granted the motion without hearing evidence. The plaintiff asserts that both parents testified. The order made no findings of fact and said nothing about evidence being heard; however, it recited that the court was "fully advised in the premises." The record before us contains only the pleadings and the order. There is no report of proceedings, no agreed statement of facts, no certification of what took place at the time the order was entered.

It is not necessary that special findings of fact be made or that the facts, upon which the order or decree is based, be set out in such order or decree. Ill Rev Stats 1959, c 110, sec 64-4. If there is a factual finding the presumption obtains that the facts recited in the order are predicated on sufficient evidence. People ex rel. Rose v. Craig, 404 Ill 505, 89 NE2d 409; Illinois Merchants Trust Co. v. Turner, 341 Ill 101, 173 NE 52; cf. Ruehr v. Continental Ill. Nat. Bank & Trust Co., 296 Ill App 293, 16 NE2d 180. Frequently an order will give some clue as to whether evidence was heard. Examples of this are seen in Anthony v. Gilbrath, 396 Ill 125, 71 NE2d 84, where the Supreme Court inferred that evidence was heard because the word "hearing" appeared in the order, and in Prudence Co., Inc. v. Illinois Women's Athletic Club, 284 Ill App 210, 1 NE2d 702, where the Appellate Court inferred that evidence was not heard because the order enumerated the things the trial court did and hearing evidence was not among them. Except for the clause that the court was "fully advised in the

premises," there is nothing in the order in the present case to indicate whether a hearing was had or not. But this clause, although often routinely and loosely used, is not without significance. It has been held to connote that the court heard sufficient facts to justify its order. In re Rubenstein's Estate (Ohio App), 68 NE2d 668. If a court signs an order which includes the words "the court was fully advised in the premises," we conclude, in the absence of any contrary indication in the order or in the record, that the court heard adequate evidence, received enough information or listened to sufficient law and argument, as the necessity of the particular case required, to enable the court to reach what it believed to be the right decision on the issue presented.

 Evidence was essential to resolve the issue of whether a father's normal right to see and know his child should be denied because of the serious charges made in the defendant's answer concerning the father's abandonment of and indifference to his child. But we must assume, until the contrary is shown, that the decision rendered by the court was the right decision and was justified by the facts before it. St. Louis & S. E. Ry. Co. v. Wheelis, 72 Ill 538; Vinyard et al. v. Barnes, 124 Ill 346, 16 NE 254; Arnoldsville Building & Loan Ass'n v. Dempsey, 339 Ill 304, 171 NE 267.

 The trial court must always have uppermost in mind the welfare and best interests of the child, but it has wide discretion in determining questions of custody and the right and terms of visitation. The exercise of this discretion will not be interfered with unless it appears that the discretion has been abused. An abuse of discretion by the trial court will not be presumed by a court of review. The burden of showing that it has been abused rests upon the party who makes that assertion. The presumption is

in favor of the regularity of the proceedings in the trial court and this presumption will obtain until overcome by a showing that error has been committed. The People v. Glasgow, 301 Ill 394, 134 NE 19.

 An order of visitation is not final. It can be modified as circumstances require, and if it should appear reasonable and proper to do so, upon motion of either parent. Ill Rev Stats 1959, c 40, sec 19. If the best interests of the child make it advisable, a modification of the order appealed from can be sought in this case. In any event, the issue of the plaintiff's right of visitation will be before the trial court for determination when the case is heard on the complaint, answer and reply. This final determination should be made as soon as possible so that there will be a minimum of dislocation in the child's life. The temporary order of visitation was based on a petition and is not to be regarded as res judicata of the issues raised by the pleadings. On a final hearing of a suit in chancery, all previously rendered interlocutory orders are before the court and may be altered or vacated, as justice may require. Weil v. Mulvaney, 262 Ill 195, 104 NE 273; Jeffery v. Robbins, 167 Ill 375, 47 NE 725.

The order of the Circuit Court will be affirmed.

Affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.