(No. 37555.— )
WILLARD SKAGGS, JR., Appellant, *vs.* JOHN JUNIS, Appellee.

*Opinion filed May 27, 1963.*

PERONA and PERONA, of Spring Valley, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (MADALYN MAXWELL, Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from that part of an order of the circuit court of Bureau County awarding to the Illinois Public Aid Commission the sum of $3,989.40 as repayment for amounts paid by the commission to the plaintiff.

This suit was filed in order to recover for injuries received while plaintiff was diving into a farm pond owned by

the defendant. The first trial before a jury which lasted eight days resulted in a judgment in favor of the defendant. This judgment was reversed by the Appellate Court and the cause remanded for a new trial. 27 Ill. App. 2d 251.

The case was redocketed and when it was again called for trial a settlement of $28,250 was agreed upon and a judgment was entered for that amount. The defendant and his insurer paid the $28,250 to the clerk of the court. The plaintiff then filed a petition asking that the court determine the amounts payable to the plaintiff, to his attorneys and to the Illinois Public Aid Commission, which it was admitted had paid certain monies to the plaintiff.

The defendant filed an answer to the petition admitting that the attorneys for the plaintiff had perfected an attorney's lien of 50% of the amount recovered and neither admitting nor denying the other allegations of the petition. No pleading was filed by or on behalf of the Illinois Public Aid Commission.

At the hearing on the petition one of the attorneys for the plaintiff testified that he had paid or incurred as total expenses in connection with the investigation, preparation, trial and appeal of the case the sum of $2,299.63. A lien for a 50% attorney's fee was perfected by serving a notice of same by registered mail on the defendant and his insurance company. The official receipt issued by the Illinois Public Aid Commission, showing payment to it on behalf of plaintiff of $1,000 with $500 to be paid to the plaintiff's attorneys for fees, was also introduced into evidence by agreement.

The original hearing was held on May 22, 1962, and was subsequently continued until May 23 and May 24. During the two latter days information concerning the perfection of the lien of the Illinois Public Aid Commission and the amount paid by the commission to the plaintiff was presented to the court. A record as to the evidence taken at this hearing was not, however, made, and the court's docket entry simply recites that a hearing was held and that

the court after "considering said lien, the arguments of counsel thereon, takes same under advisement." On July 12, 1962, the court entered a final order providing that plaintiff's attorneys be reimbursed for costs paid and incurred in the amount of $2,299.63, that an attorney fee of 50% of the remaining balance, or $12,975.18, be paid to the attorneys for the plaintiff and that the amount of $3,989.40 be paid to the Illinois Public Aid Commission to reimburse it for the amount paid by the commission of $4,489.40 less the net payment received by the commission of $500, and that the balance of $8,985.75 be paid to the plaintiff.

Under the Public Assistance Code the Illinois Public Aid Commission is given a charge on the proceeds of a judgment recovered by a recipient of public assistance for the amount furnished by the commission from the date of the injury to the date of recovery on the recipient's claim. (Ill. Rev. Stat. 1961, chap. 23, par. 819.) This claim is by statute made prior to all other claims except that of an attorney's lien.

The plaintiff here contends that the record fails to disclose any basis whatever for an award of any amount to the commission and further that in any event the amount owing to the commission should be proportionately reduced by the amount of the attorney's fee.

It is not disputed that the commission did furnish some assistance to the plaintiff and is entitled to be compensated therefor. Furthermore, the amount found by the court, $3,989.40, is not questioned by the plaintiff, except that he contends that because the record fails to reveal the evidence heard by the court in support of this award, it must be assumed that none was heard and the award, therefore, improper. The court stated that its order was based upon "the Court having heard the evidence and the arguments of counsel and being fully advised in the premises." In such a situation, unless there is a contrary indication in the order or in the record, it is presumed that the court heard ade-

quate evidence to support the decision that was rendered. (*Smith* v. *Smith*, 36 Ill. App. 2d 55.) Where it is alleged that the evidence presented was actually insufficient to support the court's finding, the burden of preserving said evidence rests with the party who appeals from said order. No record of the evidence heard on May 23 and 24 regarding the commission's claim is before this court and, therefore, it must be assumed that the evidence that was heard fully supported the court's finding that the commission was entitled to $3,989.40.

The case of *Hardwick* v. *Munsterman*, 15 Ill.2d 564, involved the same question regarding the prorating of attorneys' fees that is here presented, except that no statutory attorney's lien was there involved. In that case we held that "in the absence of a specific enactment to the contrary, the statute in question * * * must be construed as not permitting any deduction for attorneys' fees or costs from the amount payable to the Illinois Public Aid Commission * * *." Plaintiff does not suggest that his attorney is entitled to any greater fee than that allowed by the court and we fail to see how the fact that plaintiff's attorneys perfected an attorney's lien, which thereby admittedly became preferred over the claim of the commission, should change this result as between the commission and the plaintiff. This provision would, where the total recovery is insufficient to satisfy both the attorney's lien and the commission's claim, which is not here the case, result in the commission receiving less than its full claim, but this would be the result of a simple deficiency because of the prior lien and not a true proration. The statute as now written requires that the recipient of public aid pay back to the commission that amount of money which it has expended on his behalf, before he is entitled to receive a portion of the personal injury recovery. Accordingly, the order of the circuit court of Bureau County is affirmed.

*Order affirmed.*