**Kenneth A. Mueller, Plaintiff-Appellee, v. Marjorie F. Mueller, Defendant-Appellant, M. Lichter, Defendant.**

**Gen. No. 68–19.**

Second Judicial District.

July 22, 1968.

Eloise Johnstone and Alton Sharpe, of Chicago, for appellant.

Franz & Franz, and Perry L. Weed, of Crystal Lake, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant, Marjorie Mueller, appeals from an order denying her motion to dismiss for lack of jurisdiction over her person, and holding, among other things, that her special appearance became a general appearance.

Defendant contends that the court erred, in assuming jurisdiction of the divorce complaint of plaintiff filed in McHenry County when it appeared that process was first served on the subsequent complaint for divorce in Cook County; in denying an evidentiary hearing on defendant's affidavit of nonservice; and in ordering defendant to cease prosecution of independent habeas corpus and criminal actions in Cook County.

Plaintiff filed his complaint for divorce in McHenry County on November 14, 1967. Defendant filed her complaint for divorce in Cook County on November 15, 1967. On November 17, 1967 summons was purportedly served on plaintiff here on the Cook County complaint. Defendant here was purportedly served with summons in the McHenry County action on November 28, 1967.

On December 1st defendant filed her special and limited appearance in the McHenry County case supported by affidavit of one of her attorneys, alleging the filing of the Cook County suit, and advising of a hearing in that suit set on notice for December 1st. On December 13th plaintiff herein appeared specially in the Cook County action asking its dismissal, on the basis of alleged defective process and on the basis that a prior action was pending. The record does not disclose a disposition of this special appearance.

On December 15th, plaintiff filed a petition in the McHenry County Court for discovery and injunctive relief. At the same time defendant moved to quash

process. The record does not include a report of this proceeding, but the order entered on December 15th recited that "the court hearing fully arguments by counsel including evidence presented in open court, briefs and the contents of the court file and being otherwise fully advised in the premises . . . ," and orders "that defendant's motion to quash service of summons and process upon herself is denied and her special appearance becomes a general one . . . that defendant is directed to discontinue prosecution of proceedings in Cook County and this court takes full jurisdiction of this case . . . ," and "that defendant submit to a discovery deposition. . . ."

■ On the issue of whether the Circuit Court in McHenry County properly assumed jurisdiction, plaintiff relies principally on People ex rel. Lehman v. Lehman, 34 Ill2d 286, 215 NE2d 806 (1966), as holding that the date upon which the complaint is filed determines the pendency of an action. In Lehman an order of the Circuit Court of DuPage County in a habeas corpus case was in issue. The wife had taken her children to DuPage County from South Carolina in violation of a custody order resulting from divorce proceedings there. She filed an action in Cook County on December 14th, asking that she be given custody on alleged change of circumstances, and the Cook County court issued an ex parte injunction restraining the father from interfering with custody. On December 30th summons in the Cook County action was served on the father. On December 29th the habeas corpus action was filed in DuPage County and summons served on December 30th. The record did not disclose which process was first served. The court assumed for the purpose of its ruling that the DuPage County process was served prior to that of Cook County. In reversing the order of the Circuit Court of DuPage County the Supreme Court held that the proper forum for the litigation was in Cook County. In Lehman, the court refused

465

to distinguish the doctrine of prior jurisdiction in habeas corpus as opposed to divorce actions, and placed reliance on People ex rel. Bradley v. McAuliffe, 24 Ill2d 75, 179 NE 2d 616, in which the court in a mandamus action expunged an order of a Cook County court which purported to vacate a prior decree of divorce in Williamson County; and upon Leonard v. Bye, 361 Ill 185, 197 NE2d 546, which held that the constitutional objection to the validity of a statute could only be raised in the court in which the first action was pending.

Defendant seeks to distinguish Lehman as standing "for little more than that one court, which has concurrent jurisdiction with that of another, could not determine whether a party before it had previously filed a false and fraudulent allegation of residence in the other court." We cannot agree. In Lehman, the court states, on pages 290–291:

> "It does not appear from the documents before us which court's process was served first, but for the purpose of this case we shall assume that personal jurisdiction over both litigants was first secured in the DuPage County action. We shall further assume that without personal jurisdiction of the parties, the Cook County court would have been unable to grant the relief that the mother sought. (See May v. Anderson, 345 US 528, 97 L Ed 1221.) Even under these hypotheses, however, we do not agree that the court in DuPage County could ignore the pendency of the Cook County action between the same parties.
>
> "Section 48 of the Civil Practice Act provides for the dismissal of an action upon motion upon the ·ground that 'there is another action pending between the same parties for the same cause.' (Ill Rev Stats 1963, c 110, par 48(1)(c).) The purpose of the provision is to foster orderly procedure by

466

preventing a multiplicity of actions. The pendency of an action might be determined by the date upon which the complaint is filed, the date upon which summons is issued, or the date upon which the court acquires jurisdiction over the parties. None of these alternatives is entirely satisfactory, but so long as both actions are brought in Illinois the choice between the competing rules was made in section 13 of the Civil Practice Act which provides: 'Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint.' (Ill Rev Stats 1963, c 110, par 13.) If the plaintiff fails to show reasonable diligence to obtain service of process, Rule 4 of the Rules of this court provides for dismissal of the action upon motion of a defendant or on the court's own motion. (Ill Rev Stats 1963, c 110, par 101.4; see Department of Public Works and Buildings v. Lanter, 413 Ill 581, 594; Vukovich v. Custer, 415 Ill 290, 294.) *We are aware of no provisions of statute or rule that would indicate that the pendency of an action is to be determined otherwise than by the filing of the complaint."* (Emphasis added.)

The suit in McHenry County court was pending before the Cook County action by the filing of the complaint in McHenry County first. All issues, including custody, which could be raised in the Cook County divorce or habeas corpus proceedings can be raised in the McHenry County action. There is no question here involved of lack of diligence to serve process out of the latter court. Therefore, the McHenry County court had acquired prior jurisdiction over the subject matter of the action and by diligent service of process would acquire personal jurisdiction over the parties defendant to that action.

The defendant cites a number of cases for the proposition that where two or more courts have concurrent

jurisdiction of the same subject matter the court first acquiring it by *service of process* will retain it to the exclusion of the other. Emphasized are Plume & Atwood Mfg. Co. v. Caldwell, 136 Ill 163, 26 NE 599 (1891); and Olofsson v. Wood, 23 Ill App2d 32, 161 NE2d 681 (1959) in this district. In Plume the assignee of an insolvent debtor sought to invest the County Court with jurisdiction over claims to property which was before the Circuit Court as the result of executions and attachments. The court conceded that the Circuit Court writs of levy would have given that court exclusive jurisdiction over the case if the parties in interest had not voluntarily invested the assignee to possession of the attached property. Under these circumstances the County Court could proceed to determine the validity and priority of liens and claims. We believe the case to stand for the proposition that where the proceedings are in rem and possession of the res is required in order to proceed, that the court which first acquires the res by valid process has priority of jurisdiction.

The court in Olofsson stated the proposition urged by the defendants in a personal injury suit, in personam, on the basis of the Plume decision. However, the parties, without objection, permitted both the Cook County and the Kane County actions with identical parties and identical issues to reach issue. The error complained of was in the trial court's ruling in Kane County that the case there must proceed to trial on the day before it was set to be tried in Cook County and this court affirmed the judgment under the circumstances, including a delay of several months in notifying the court of the other pending action. Here, the objection was made to the Cook County proceedings in the form of a special appearance which raised the objection that a prior action was pending. While neither of the above decisions have been expressly overruled, we are of the opinion that if Plume and Olofsson stand for more than we have found

in our interpretation of them, they have been impliedly overruled by the Lehman case, supra.

■ ■ The defendant next urges that her affidavit of nonservice of process raised a question of fact which the court could not determine without a hearing. The service is evidenced by a return appearing on the summons in proper form. The order appealed from expressly recited that the court heard arguments and evidence and was fully advised in the premises. While the record contains no transcript of the hearing, it was the burden of defendant to preserve the record required on appeal to rebut by clear and convincing evidence the prima facie proof of service on the defendant from the sheriff's return. Marnik v. Cusack, 317 Ill 362, 364–365, 148 NE 42 (1925); Acosta v. Burris, 47 Ill App2d 201, 204, 197 NE2d 757 (1964). The recital in the court's order, there being an absence of any contrary indication in the record, sustains the conclusion that the court heard adequate evidence necessary to reach its decision. Canady v. Canady, 30 Ill2d 440, 446, 197 NE2d 42 (1964); Smith v. Smith, 36 Ill App2d 55, 59, 183 NE2d 559 (1962); Ill Rev Stats 1967, c 110, § 64(2).

The final contention of defendant is that the trial court could not properly enjoin prosecution of the independent habeas corpus and criminal actions in Cook County. First, we perceive that the trial court in enjoining defendant to "discontinue prosecution of proceedings in Cook County" was applying a bar to proceedings by the defendant before it as a moving party with reference to the issues which could be heard in the instant suit, that is, the habeas corpus and divorce proceedings and not any criminal proceedings wherein the State is the moving party. There is nothing in the record to advise us of the particulars of the habeas corpus action except general reference in pleadings and in arguments of counsel. But, again, we must conclude that the court heard adequate evidence to determine that the matter

of child custody was involved which could be heard in orderly fashion in the McHenry County divorce suit, Smith v. Smith, supra. We find the order proper in that regard. People ex rel. Lehman v. Lehman, supra, at p 295; Greco v. Chicago Foundlings Home, 38 Ill2d 289, 291, 230 NE2d 865 (1967).

██ While neither party has questioned the appealability of the trial court's order, we have considered the issue and conclude that the order is appealable. While denial of a motion to quash summons is not normally appealable (Thomas v. Ritholz, 310 Ill App 166, 168, 33 NE2d 932 (1941), and see: Appealability-Service of Process, 30 ALR2d 287 Annotated), the trial court here also enjoined all proceedings in another county, thereby conferring jurisdiction on this court.

We therefore affirm.

Affirmed.

DAVIS and MORAN, JJ., concur.