SHIRLEY M. DORAN, Plaintiff-Appellant, *v.* BYRON L. DORAN, Defendant-Appellee.

(No. 70-181; ▮▮▮▮▮▮▮▮▮

Second District—September 20, 1972.

Charles G. Levy, of Chicago, for appellant.

Burek & Field, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The Circuit Court granted defendant's petition seeking reduction in child support and modified the divorce judgment. Plaintiff appeals contending that no testimony was taken or evidence presented at the hearing and that, therefore the record is insufficient to show any change in circumstances upon which to base the modification order.

There is no transcript of the proceedings. After the appeal was perfected plaintiff filed an "Affidavit of Bystander" with the clerk of this court, stating that "no testimony was taken nor any evidence adduced." On the same date defendant filed an "Affidavit of Bystander" also in this court, alleging that the trial court considered documentary evidence consisting of income tax returns and financial statements; that neither side requested a reporter; that the court devoted one hour to the proceedings and then continued the matter for opinion; and that no objection was made to the form of the order, although it had been received by plaintiff prior to the entry of the order on May 22nd, 1970.

The order appealed from contains the recitals, "This matter coming on for hearing * * * the court being fully advised in the premises * * *."

The judgment for divorce was entered as a default on the wife's complaint on November 3rd, 1969. A property settlement was incorporated and approved in the judgment in which plaintiff waived alimony, and child support for five minor children was fixed at $850 per month. The agreement made no reference to the husband's earnings; but in the transcript of the default hearing there is an inquiry as to the husband's "approximate income" by the wife's attorney and her response, "$20,000 a year".

The defendant's petition for reduced support alleged that his earnings when the divorce was granted were approximately $26,000 gross, but

they had been reduced to $19,200 gross. Expenditures for taxes, social security, interest and insurance premiums were alleged to amount to $14,725, leaving petitioner approximately $75 a week. Petitioner also alleged the wife's remarriage. In plaintiff's answer to the petition, she neither admitted nor denied the allegation that defendant was earning approximately $26,000 at the time of the divorce; denied that the divorce judgment was based upon the $26,000 figure and alleged that the $850 order "was based upon the assumption that Petitioner was earning $20,399 per year gross and other factors  *  *  *." Defendant filed no reply to the answer.

■■ Plaintiff first argues that the failure to reply resulted in an admission under Ill. Rev. Stat. 1969, ch. 110, sec. 40(2). Thus, she contends that any change in circumstances could be based only on a comparison between earnings of the husband in the amount of $20,399 at the time of the divorce compared to the $19,200 some five months later. We find no merit in this argument. The plaintiff, in her answer, had not denied the allegation of the petition as to the earnings of the defendant in the amount of $26,000 at the time of the divorce but merely alleged lack of knowledge of truth or falsity. There was no necessity for defendant to reply to what the plaintiff assumed. Under the circumstances no reply was required.

■■■ We find no merit in plaintiff's further agreement that the record does not support the order appealed from. It is conceded that the court may not act arbitrarily and that only a substantial change in circumstances will justify modification of child support provisions in a judgment for divorce. (*Green v. Green* (1967), 86 Ill.App.2d 362, 365.) However, there is a presumption that the judgment which recited that the court conducted a hearing and was fully advised was supported by sufficient evidence, absent a contrary indication in the order or in the record. (*Skaggs v. Junis* (1963), 28 Ill.2d 199, 201-202; *People v. Rockett* (1967), 85 Ill.App.2d 24, 31; *Mueller v. Mueller* (1968), 96 Ill.App.2d 463, 469.) Plaintiff seeks to distinguish the order here because it refers to a "hearing" rather than reciting that evidence or testimony was taken. However in *Smith v. Smith* (1962), 36 Ill.App.2d 55, 58-59 (cited as authority in *Skaggs v. Junis, supra*), the mere recital that the court was fully advised was held to sustain the presumption that the order was based upon sufficient evidence to decide the issue before it. Moreover, the word "hearing" is a familiar term, generally understood as meaning a judicial examination of the issues of law and fact between the parties. (*Anthony v. Gilbrath* (1947), 396 Ill. 125, 128.) "Hearing" should not be construed more narrowly than "testimony", or "evidence".

■■ No bystander's record was filed in compliance with Supreme Court

Rule 323(c) (Ill. Rev. Stat. 1967, ch. 110A, sec. 323(c)), which imposes upon the trial judge the duty of settling, approving and certifying the proposed report of proceedings when no verbatim transcript is available. The burden of preserving evidence where it is alleged that it is insufficient to support the court's order rests with the party who appeals from that order. *Skaggs v. Junis*, 28 Ill.2d 199, *supra*, at page 202.

██ Plaintiff has not overcome the presumption that there was a hearing at which the court was advised as recited in its order. And there is no contrary indication either in the order or in the record. We therefore affirm.

Affirmed.

T. MORAN and GUILD, JJ., concur.