ESTELLE BOYSEN, Plaintiff-Appellant, *v.* ANTIOCH SHEET METAL, INC., *et al.*, Defendants-Appellees.

(No. 72-247;

Second District—January 10, 1974.

*Rehearing denied February 6, 1974.*

Rosing & Carlson, of Waukegan, for appellant.

Jacobs & Clark, of Antioch, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff filed a small claims action to recover $925 plus costs for the alleged "defective installation of an inadequate furnace". After a hearing, the trial court found in favor of the defendants and entered the judgment from which plaintiff appeals.

Plaintiff contends that she gave repeated and continuing notices of defects which amounted to notice of her revocation of acceptance, and that her removal and storage of the furnace was in compliance with the relevant provisions of the Uniform Commercial Code. Ill. Rev. Stat. 1971, ch. 26, pars. 2—607, 2—608.

■■ The Uniform Commercial Code expressly provides several remedies for a purchaser to recover damages after accepting goods (Ill. Rev. Stat. 1971, ch. 26, pars. 2—711(1), 2—714(1)), including a provision that a buyer may recover the purchase price and the additional cost of replacement of defective goods ("cover"). (Ill. Rev. Stat. 1971, ch. 26, par. 2—712.) However, these remedies only accrue when a purchaser has justifiably revoked acceptance, and they are not effective until the buyer sufficiently notifies the seller. Ill. Rev. Stat. 1971, ch. 26, par. 2—608(2); *Grossman v. D'or* (1968), 98 Ill.App.2d 198, 201-203.

■■ To revoke acceptance the defects complained of must substantially impair the value of the goods. (*Collum v. Fred Tuch Buick* (1972), 6 Ill.App.3d 317, 321; *Overland Bond and Investment Corp. v. Howard* (1972), 9 Ill.App.3d 348, 359.) Whether revocation is justified and whether sufficient notice has been given within a reasonable time are ordinarily questions of fact to be determined by the circumstances of the particular case. See *Overland Bond and Investment Corp. v. Howard* (1972), 9 Ill.App.3d 348, 359. See also *Marine Mart, Inc. v. Pearce* (1972), 252 Ark. 601, 480 S.W.2d 133, 137; and *Hays Merchandise, Inc. v. Dewey* (1970), 78 Wash. 2d 343, 474 P.2d 270, 273.

■■ Notice of revocation of acceptance need not be in any particular form or use particular words if the buyer has adequately informed the seller that he does not want the goods and does not wish to retain them. *Overland Bond and Investment Corp. v. Howard* (1972), 9 Ill.App.3d 348, 358; *Hays Merchandise, Inc. v. Dewey* (1970), 78 Wash.2d 343, 474 P.2d 270, 273.

Application of these legal principles to the instant case, however, is frustrated because the record before us contains no transcript of the trial proceedings. Nor have the parties prepared a proposed report of proceedings from the best available sources, or agreed on a statement of facts in accordance with Supreme Court Rule 323 (Ill. Rev. Stat. 1971,

ch. 110A, par. 323(c), (d)). Instead, we are directed to the transcript of the arguments on the motion for a new trial in which the court and counsel in colloquy made partial references to their recollection of trial proceedings.

■■ A motion for a new trial cannot take the place of testimony heard at trial. (*Hoffman v. Wilson* (1965), 60 Ill.App.2d 396, 401.) The burden of preserving evidence rests with the party who appeals. (*Skaggs v. Junis* (1963), 28 Ill.2d 199, 202.) Consequently any doubt arising from an incomplete record will be resolved against appellant. *In re Annexation to Village of Oak Brook* (1968), 91 Ill.App.2d 27, 33.

■■ From the limited record, we find significant the memorandum of opinion filed by the trial court when it denied plaintiff's post-trial motion, stating:

> "* * * The evidence in this case indicated that the Plaintiff informed the Defendant that something was wrong with the furnace, then without any further notice to the Defendant, the Plaintiff went out in the market and purchased a new furnace for $925.00 which she now seeks to recover.
>
> This Court holds her conduct is contrary to law, Sec. 2—605, Chap. 26, Rev. Stat. 1971, and she cannot recover in this action. Her Motion For Judgment N.O.V. is denied."

Of further significance is that the judgment order expressly provides that the trial court heard evidence and was fully advised in the premises. Such language raises the presumption that the judgment is supported by the evidence in absence of any contrary indication in the order or record. *Skaggs v. Junis* (1963), 28 Ill.2d 199, 201; *City of Chicago v. 3 Oaks Wrecking & Lumber Co.* (1965), 65 Ill.App.2d 328, 330; *Doran v. Doran* (1972), 7 Ill.App.3d 614, 616-617.

Thus, we are constrained to presume that the trial court's judgment is supported by the evidence. We, therefore, affirm.

Affirmed.

T. MORAN, P. J., and GUILD, J., concur.