KABLE PRINTING COMPANY, Plaintiff-Appellee, *v.* MOUNT MORRIS BOOKBINDERS UNION LOCAL 65-B, GRAPHIC ARTS INTERNATIONAL *et al.*, Defendants-Appellants.

(No. 75-5; ▮▮▮▮▮▮▮)

Second District (2nd Division)—April 3, 1975.

*Rehearing denied May 13, 1975.*

Cotton, Watt, Jones, King, & Bowlus and Kleiman, Cornfield, & Feldman, both of Chicago (Thomas D. Allison and Jacob Pomeranz, of counsel), for appellants.

Miller & Hickey, of Rockford (Francis E. Hickey and Peter De Bruyne, of counsel), for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This interlocutory appeal is taken, pursuant to Supreme Court Rule 307, from an order refusing to dissolve a temporary restraining order which had been entered by the Circuit Court of Ogle County against defendants.

The plaintiff, Kable Printing Company, has a plant located in Mount Morris, Illinois. The defendant Bookbinders Union and defendant Photoengravers Union are collective-bargaining representatives for some employees of Kable. Individual defendants are either officers or members of the unions. On or about May 10, 1974, members of the unions commenced a strike against Kable.

On August 27, 1974, plaintiff Kable filed a verified petition for injunction against all the defendants. At the same time a verified petition for a temporary restraining order was filed. This latter petition recited that notice of the petition had been served on the defendants by personal service together with a copy of the petition for injunction, summons, and notice of motion for temporary restraining order enjoining the defendants from engaging in conduct described in the complaint filed in the action. The allegations of the petition for injunction were incorporated by reference. (It, with exhibits, was 21 pages long.)

On August 28 a notice was personally served on all defendants except Russell Stonebreaker notifying them that on 29 August at 10 o'clock the

plaintiff would seek a hearing on the petition for temporary restraining order.[1]

Pursuant to the notice for hearing, counsel for plaintiff appeared in the courtroom at 10 A.M. on August 29, 1974. Shortly thereafter, attorneys Pomeranz and Allison arrived, Pomeranz announcing his appearance for defendant Bookbinders, their officers and members named in the petition. Allison announced his appearance for defendant Photoengravers, their officers and members named in the petition.

The judge conferred with all the attorneys for 4 or 5 hours and at the end of the day read his order in open court. No report of proceedings was taken, but it is significant to note that in part II of the order the court enjoined the plaintiff and its agents from certain conduct and also dismissed two charges of the complaint with leave to amend. In part III of the order the court required a bond of plaintiff. It is of further significance that in paragraph 5 of the order the court found:

> "5. That it is in the best interest and safety of the general public that both parties be restrained from threatening, intimidating or coercing each other. The parties will suffer irreparable damage if a temporary restraining order is not granted."

The order of the judge was entitled "Order for Temporary Restraining Order" but was to "remain in full force and effect pending further order of this Court."

After entry of the order on August 30, bond having been approved on the 29th, injunction writs were issued and served on all defendants.

No motion to dissolve was ever made until December 2.

On September 25, certain defendants filed a motion to dismiss the petition for injunction but never noticed it for hearing.

On November 25 plaintiff filed a petition for contempt which charged defendants with violations of the court's order.

On December 2 at the hearing on the petition for contempt defendants orally moved to dissolve the order for temporary restraining order entered August 30. On December 6, 1974, the judge entered a written order denying defendant's motion to dissolve the temporary restraining order. The instant appeal is from that order denying the motion.

The only issue raised on this appeal is whether the trial court's order of August 30 expired by force of statute after 10 days.

"The term 'temporary restraining order' was introduced into the In-

---

[1] The parties to this appeal have stipulated that all defendants except Russell Stonebreaker, were served with the notice of petition for temporary restraining order, the petition for temporary restraining order, a 30-day summons for the petition for injunction, and the petition for injunction itself on August 28, 1974. Most were served in the morning and none later than 12:30 P.M.

junction Act in 1967 by an amendment which added a new section, numbered 3-1, that prescribed the conditions for the issuance of such an order without notice. (Laws of 1967, p. 2715, Ill. Rev. Stat. 1967, ch, 69, par. 3—1.) The same legislation also amended section 9, which relates to injunction bonds, so as to provide for such a bond in connection with a temporary restraining order as well as preliminary injunction, and clarified section 3 by inserting the word 'preliminary' before the word 'injunction.'

The language of section 3—1 is patterned after, although it does not follow verbatim, the language of Rule 65(b) and 65(d) of the Federal Rules of Civil Procedure. * * *

* * *

Section 3 and section 3—1 thus cover much the same ground, but the latter prescribes more rigorously and in greater detail the proof of injury which must be made, and *it sets a maximum time* during which the defendant may be restrained *when the restraining order is obtained ex parte.*" (Emphasis supplied.) *Bohn Aluminum & Brass Co. v. Barker,* 55 Ill.2d 177, 181, 183.

The time limit is in the second sentence of section 3—1 which provides:

"Every temporary restraining order granted *without notice* shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and *shall expire* by its terms with such time after entry, not to exceed *10 days,* as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period." (Emphasis supplied.)

■■ As was said in *Seagram Distillers Co. v. Foremost Sales Promotions, Inc.,* 13 Ill.App.3d 166, 169:

"Furthermore, in a proper case, a temporary restraining order, if expressly and narrowly limited in duration, may issue for more than ten days where it is issued upon notice. *The ten-day limitatation on the issuance of temporary restraining orders in the Injunction Act* (Ill. Rev. Stat. 1971, ch. 69, sec. 3—1) *applies only to those issued without notice, not to those issued with notice."* (Emphasis supplied.)

The court also said on the same page "* * * if trial courts were to use the proper term in the proper situation the court would not be unduly burdened with unnecessary appeals."

In the instant case the defendants apparently had full knowledge of the proceedings and appeared in person and by counsel. The notice certainly apprised the defendants of the pendency of the action and afforded them an opportunity to present their objections. The order was tailored to the legitimate interests of both sides.

Defendants on appeal argue that the order was issued without hearing. The order recites:

> "This matter coming on to be heard * * * and the defendants being personally present as well as being represented by their attorneys, Thomas D. Allison and Jack Pomeranz, and the Court having heard the argument of counsel and otherwise being fully advised in the premises finds:"

There is a presumption that the judgment which recited that the court conducted a hearing and was fully advised was supported by sufficient evidence, absent a contrary indication in the order or in the record. The mere recital that the court was fully advised is sufficient to sustain the presumption that the order was based upon sufficient evidence to decide the issue before it. Moreover, the word "hearing" is a familiar term, generally understood as meaning a judicial examination of the issues of law and fact between the parties. (*Doran v. Doran*, 7 Ill.App.3d 614, 616.) Defendants have not overcome the presumption that there was a hearing at which the court was advised as recited in its order. Moreover, when no responsive pleadings are filed the trial court is not precluded from issuing an injunction upon the yet undisputed facts alleged in the verified complaint which was incorporated by reference and which requested "a temporary injunction may issue preliminary to final hearing." Matters to be considered at the hearing on the application depend on the state of the record at that time. (*Miller v. Chicago Transit Authority*, 339 Ill.App. 398.) Where no responsive pleading has been filed the injunction may be issued solely on the sufficiency of the complaint. (*Schlicksup Drug Co. v. Schlicksup*, 129 Ill.App.2d 181, 187.) The nature of such hearing depends on the status of the pleading, a hearing or legal arguments generally being required on the issue of whether the standards are met for issuance of the order, and an evidentiary hearing required where there is a question of material fact. Thus, such a hearing is not required where no answer is filed.

■■ Defendants further argue that the notice which they had was not sufficient in that the local court rules require 72 hours' notice. Even if the local rules have such a requirement, the point was never made below and cannot be raised here. The defendants and their attorneys appeared and participated in the hearing without objection. At no time until this appeal did they complain of inadequate notice. Defendant's

failure to raise questions with respect to insufficiency of notice in the trial court amounts to a waiver of such defect and precludes its consideration on review. 2 I.L.P. *Appeal and Error* § 241 (1953); 4 C.J.S. *Appeal and Error* § 268b (1957); 5 Am. Jur. 2d *Appeal and Error* § 585 (1962).

For the foregoing reasons the order of the Circuit Court is affirmed.

Affirmed.

RECHENMACHER, P. J., and T. J. MORAN, J., concur.