578

Louis Williams, Plaintiff-Appellee, *v.* Clem Ferguson *et al.*, Defendants-Appellants.

(No. 60829;

First District (1st Division)—June 2, 1975.

Leonard Karlin and Mark H. Kruger, both of Chicago, for appellants.

Goldstein, Goldberg and Fishman, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Louis Williams brought an action against Clem and Ozelle Ferguson, as landlords, for their negligence in properly maintaining a stairway leading to Williams' apartment. The complaint alleged that Williams had sustained numerous injuries from a fall which was allegedly caused by the poor physical condition of the stairway. After receiving testimony and arguments of counsel at a bench trial, the court entered judgment for Williams in the amount of $1500.

Defendants contend on appeal that Williams, as a tenant, had exclusive control of the stairway and was therefore responsible for the care and maintenance of the area. Defendants further contend that the court's judgment was not based on the merits of the case, but rather on the defendants' purported courtroom misconduct.

██ A verbatim transcript of proceedings is not contained in the record. When no verbatim transcript is available, a bystander's report may be prepared and submitted to the trial judge for certification pursuant to Supreme Court Rule 323. (Ill. Rev. Stat. 1971, ch. 110A, par. 323; *Doran v. Doran,* 7 Ill.App.3d 614, 287 N.E.2d 731.) However, a bystander's report was not filed and we have no account of the proceedings of the bench trial.

██ The central issue before the trial court was whether the landlord-defendants had a duty to maintain the stairway leading to the tenant-plaintiff's apartment in a reasonably safe condition. Questions of both law and fact were inherent to the court's determination of the issue. The trial court stated that its order was based upon "the court having heard all evidence adduced herein and the arguments of counsel and being fully advised in the premises." It must be presumed that the court heard sufficient evidence to support the decision rendered. (*Skaggs v. Junis,* 28 Ill.2d 199, 190 N.E.2d 731.) Defendants have the burden of preserving a record which demonstrates that the evidence presented was insufficient to support the court's judgment. (*Perez v. Janota,* 107 Ill.App.2d 90, 246 N.E.2d 42.) Since defendants failed to meet their burden of providing a record to support their contentions, it must be assumed that the evidence fully supported the court's finding. *Egebergh v. Schumann,* 20 Ill. App.3d 356, 314 N.E.2d 337 (abstract opinion).

For these reasons, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and SIMON, JJ., concur.