ADDIE COLLINS, Plaintiff-Appellee, v. OTIS WOLF, d/b/a Wolf & Sons, Defendant-Appellant.

Fifth District No. 75-401

Opinion filed January 16, 1976.

R. Michael Fischer, of Alton, for appellant.

Kevin F. Blaine, of Alton, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals a judgment rendered in the trial court in the amount of $725 upon plaintiff's small claims complaint. We reverse.

Plaintiff filed a small claims complaint claiming $1000 due for "money for repair of damages done to residence of Mrs. Collins by Wolf and Sons." When the case was called for trial plaintiff's attorney asked plaintiff: "What happened?" Plaintiff then testified that she was dissatisfied with the work that defendant had done on her home, that she considered the workmanship inferior and that defendant had not completed the job that he agreed to do. Plaintiff then offered into evidence an estimate of needed repair to her home to correct the alleged deficiencies and defects but the court sustained defendant's objection to the estimate and it was not admitted into evidence. Plaintiff then offered into evidence two contracts with defendant for repair work on her home. One was dated January 9, 1973, and specified certain work to be done and materials furnished for a contract price of $1200, the other was dated March 28, 1973, and provided for specified additional work

to be done and materials furnished for a contract price of $725. Plaintiff continued her testimony, saying that she was satisfied with the roof but was dissatisfied with the guttering, doors and awning. She was so dissatisfied or angry with defendant that she would not permit him on her property. On cross-examination plaintiff denied that she had prevented defendant from finishing the job by refusing to permit him and his employees to enter upon her property. She further testified that the awning defendant was supposed to put over the porch was still on her property, uninstalled. Plaintiff then rested.

Defendant moved for dismissal of the suit upon grounds that there was no evidence of damages nor any evidence of breach of any duty owed the plaintiff upon a tort theory nor any evidence of a breach of contract. The court denied defendant's motion, and after some conversation with the plaintiff regarding which one of the two contracts served as the basis of her complaint, concluded that plaintiff was complaining of the contract dated March 28, 1973, and awarded plaintiff judgment in the amount of $725.

Following entry of the judgment defendant filed a post-trial motion for judgment notwithstanding the judgment order, or, in the alternative, for a rehearing. Among the grounds stated by defendant in his post-trial motion was that there was absolutely no evidence of damages received in evidence in the case.

We do not have a transcript of the evidence presented to the trial court in this case. It appears that there was either a malfunction in the tape recorder used during the course of the hearing or that the tape that was made has been lost. We do have a "Report of Proceedings" that apparently was prepared pursuant to Supreme Court Rule 323(d) (Ill. Rev. Stat. 1973, ch. 110A, § 323(d)). In its entirety it contains substantially the facts set forth above. At the conclusion of the report, under the caption "APPROVED," it is signed by the attorney for each of the parties. Affixed to the Report of Proceedings is a "Certificate of Correctness" signed by the Chief Judge of the circuit (acting in the absence of the trial judge) which recites that he "hereby certifies that the above Report of Proceedings is as complete and accurate a Report of Proceedings as can be had in this cause."

Defendant argues on appeal, as he did in the trial court, that there is a total absence of evidence presented by plaintiff which could serve as the basis of the court's award of money damages in this case. With this proposition we must agree. Although plaintiff offered into evidence an estimate of the amount it would require to correct defendant's alleged defalcations, when that estimate was rejected plaintiff apparently made no attempt whatsoever to supply competent evidence regarding the

amount of damages she suffered as a result of defendant's alleged shoddy workmanship.

Plaintiff argues that where the determination of a question presented for review depends on evidence, and the record on appeal does not show all of the evidence introduced in the trial court, it should be presumed on appeal that the evidence was sufficient to sustain the action of the trial court. Plaintiff cites *Ferro v. Daros*, 343 Ill.App. 267, 98 N.E.2d 551, and *City of Chicago v. Bonn*, 328 Ill.App. 581, 66 N.E.2d 486, as authority for this proposition. While it is true that these cases stand for the proposition plaintiff urges here, they were concerned with appeals where no transcript of any nature was brought to the reviewing court and thus the court was left with no choice but to presume the evidence sufficient. The principle plaintiff would have us invoke is found in many cases, typical of which is *Skaggs v. Junis*, 28 Ill.2d 199, 201-02, 190 N.E.2d 731, where the court stated:

"The court stated that its order was based upon 'the Court having heard the evidence and argument of counsel and being fully advised in the premises.' In such a situation, unless there is a contrary indication in the order or in the record, it is presumed that the court heard adequate evidence to support the decision that was rendered. (*Smith v. Smith*, 36 Ill.App.2d 55.) Where it is alleged that the evidence presented was actually insufficient to support the court's finding, the burden of preserving said evidence rests with the party who appeals from said order. No record of the evidence heard   *   *   *   is before this court and; therefore, it must be assumed that the evidence that was heard fully supported the court's finding   *   *   *."

While it is apparent that the Report of Proceedings is not complete in every detail, it contains substantially all the evidence presented to the trial court. The situation in the case under consideration is different from that in *Skaggs* and similar cases. They were concerned with the failure of a party on appeal to supply a record or transcript sufficient to serve as a basis for consideration of a particular argument. In the event no record or transcript was furnished, or the record or transcript that was furnished was insufficient, then the reviewing court would presume that the trial court had before it sufficient evidence to justify its proceedings. Here, we have a Report of Proceedings approved by appellant and certified by the court to be as complete and accurate a Report of Proceedings as can be had in the case. That Report of Proceedings affirmatively shows that no evidence regarding the amount of plaintiff's damages was presented to the trial court. Plaintiff's attorney approved the Report of Proceedings sans evidence regarding damages

*after* being confronted with defendant's arguments regarding the absence of such evidence by defendant's motion for judgment at the close of plaintiff's evidence and by defendant's post-trial motion. In these circumstances plaintiff is ill suited to claim the benefit of a presumption that there was evidence of damages presented to the trial court. Her claim is baseless; any presumption has vanished.

There being no evidence in the record to support the award of damages to the plaintiff, the judgment of the trial court will be reversed.

Reversed.

EBERSPACHER and CARTER, JJ., concur.