MAXWELL E. THORNE, Plaintiff-Appellee, *v.* WILLIAM F. BUTLER, Defendant-Appellant.

Second District (1st Division)   No. 74-415

Opinion filed June 7, 1976.

Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, and Redman, Shearer, O'Brien & Blood, of St. Charles, for appellant.

John J. Nelligan, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is an appeal from two orders of the trial court entering judgment for the plaintiff for a real estate broker's commission. The original judgment order was entered on October 4, 1974, and was based upon the alleged settlement agreement for 50% of the commission prayed for in the complaint. Notice of appeal was filed by defendant on October 30, 1974, and on November 12, 1974, the trial court entered a second judgment order for the full amount of the commission claimed.

Defendant contends, and plaintiff concedes, that the trial court was without jurisdiction to enter the second judgment order subsequent to the filing of the notice of appeal and that issue is not considered in this appeal.

The basic issue, therefore, presented to this court is whether there was an agreed settlement upon which the first judgment order was based.

On November 26, 1971, the defendant entered into an exclusive sales agreement with the plaintiff, a real estate broker, for the sale of defendant's property, described in the agreement as consisting of 8.9 acres, at a price of $445,000. This agreement further provided for the payment of a 5% commission to the plaintiff. On December 11, 1971, plaintiff procured a contract signed by a prospective purchaser in which the latter agreed to purchase 8.9 acres at a price of $400,000. That offer was rejected by the defendant. At that time defendant advised plaintiff that he had erroneously computed the acreage; that he had only 8.03 acres to sell and presented the plaintiff with a plat of survey of the property from which he had computed the acreage. On December 22, 1971, plaintiff tendered defendant an offer to purchase the 8.03 acres for $445,000. That offer was accepted by the defendant on that date. On December 22 the broker advised the defendant in writing that, pursuant to the agreement of the parties, the "brokerage commission * * * would be contingent upon the closing of the transaction." The sale was not consummated. The reasons for not closing the transaction are disputed by the parties. The plaintiff claims it was because the defendant did not have title to the entire 8.03 acres. The record indicates that the defendant had dedicated part of the property for a frontage road and therefore did not have the title to the entire 8.03 acres. The defendant claims that the amount of acreage was not material to the contract but that other conditions of the contract had not been fulfilled.

On March 13, 1973, the plaintiff filed suit seeking the 5% commission of $22,250. The record reveals that after the proofs were closed, an off-the-record discussion between the parties, their attorneys and the trial judge was held. It appears that at that time a settlement was reached in the sum of $11,125, although defendant argues it was only an offer of settlement.

The trial judge then continued the case to September 21, 1974 "for entry of judgment."

On October 4, 1974, the defendant filed a motion to reopen the proofs and "withdraw the offer of settlement." On the same date the trial court denied defendant's motion and ruled that a settlement had been effected in the above mentioned off-the-record discussion and entered judgment for the plaintiff in the sum of $11,125, being the amount of the agreed settlement.

The defendant contends that the court erred in finding that a settlement of the lawsuit had been reached, stating that there is nothing in the record to support the settlement agreement, that there are indications that no final agreement was reached and that the order for judgment on the settlement agreement was improperly entered by summary proceedings. Defendant's contention that there is nothing in the record supporting the settlement agreement is not borne out by the record. On October 4 the court stated:

"* * *After all the proofs were in I made some statements to both counsel and to the parties saying that I felt that it was an appropriate case for settlement. All of the negotiations took place in the presence of the Court.

* * *

I did not reach the conclusion that Mr. Butler reached that he would still have an option, at some future time to decide whether he wanted to go through with it."

Later in the proceeding the court stated:

"* * *the Court is more than put out with Mr. Butler's choosing this course because I certainly felt it was a settlement without any if, ands or buts."

The court then went on to state:

"* * *I can't emphasize enough, Mike [defendant's counsel], my opinion that there was absolute finality to the settlement agreement. I even remember the final play back and forth for small amounts and the request of Mr. Butler, I believe, that it may be ten thousand or something like that instead of eleven thousand one twenty-five, but I remember the negotiations right down to the final shaking of hands."

Furthermore, the order of October 4 recites in part as follows:

"And evidence having been presented on August 13, 1974 by both plaintiff and defendant; the Court having heard all of the evidence and being fully advised in the premises; and the parties having negotiated a complete settlement immediately following the trial, and the purpose of this order being to document and

effectuate said negotiated settlement of all issues herein * * *."

■■ In *Doran v. Doran* (1972), 7 Ill. App. 3d 614, 287 N.E.2d 731, the trial court granted the defendant's petition which sought a reduction in child support and a modification of the divorce judgment. The trial court's order recited:

"This matter coming on for hearing * * * the court being fully advised in the premises * * *."

Plaintiff contended on appeal that the record did not support the order appealed from, specifically arguing that no testimony was taken or evidence presented at the hearing. We rejected this contention of the plaintiff and held:

"* * * there is a presumption that the judgment which recited that the court conducted a hearing and was fully advised was supported by sufficient evidence, absent a contrary indication in the order or in the record. [Citations.]" (7 Ill. App. 3d 614, 616, 287 N.E.2d 731, 733.)

We further cited *Skaggs v. Junis* (1963), 28 Ill. 2d 199, 190 N.E.2d 731, for the proposition that the burden of preserving evidence rests with the party who appeals from the order where it is alleged that the evidence is insufficient to support the order. Since plaintiff had failed to overcome the presumption created by the order appealed from and since there was no indication to the contrary in the record or in the order, the order was affirmed. See also *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1975), 27 Ill. App. 3d 500, 327 N.E.2d 46; and *Boysen v. Antioch Sheet Metal, Inc.* (1974), 16 Ill. App. 3d 331, 306 N.E.2d 69.

■■ In the instant case we likewise find that the trial court's recital in the October 4 order that evidence had been presented and that the court was fully advised in the premises created a presumption that the order was based upon sufficient evidence. Since defendant has failed to preserve any evidence to rebut this presumption, and since we find no evidence to the contrary in the order or in the record, we therefore affirm the order of October 4, finding that the parties had effected a settlement of the lawsuit. Furthermore, we do not find, as defendant contends, that the October 4 order was improperly entered by summary proceeding. The record reveals that it was in fact an order entered after the completion of all the proofs and pursuant to the stipulation of the parties thereto.

Defendant further contends that the plaintiff, as a matter of law, has failed to sustain his burden of proof that he was entitled to a real estate broker's commission. In view of our finding that there was a settlement of the lawsuit worked out by the court, it is not necessary that we reach this question. The basis of the settlement under the circumstances is immaterial, as the settlement is, in effect, a new contract between the

parties to the lawsuit. The settlement having been agreed upon, plaintiff is entitled to a judgment thereon.

We, therefore, vacate the order of the trial court entered on November 12, 1974, entering judgment for the plaintiff in the amount of $22,250 and affirm the order of the trial court entered on October 4, 1974, for the plaintiff in the amount of $11,125.

Affirmed in part; vacated in part.

SEIDENFELD and HALLETT, JJ., concur.