DANIEL B. SCHULER *et al.*, Plaintiffs-Appellees, *v.* ALFRED O. JACOB, Adm'r of the Estate of Anthony Montoya, Deceased, *et al.*, Defendants.— (MICHAEL J. PORTH, Plaintiff-Appellant.)

Third District   No. 75-162

Opinion filed June 30, 1976.

Edward Zukòsky, of Wenona, for appellant.

Peter Ferracuti, of Ottawa, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Daniel B. Schuler, his wife Evelyn Schuler, and appellant Michael B. Porth were injured in a multiple-car accident near Streator, Illinois. The insurance company which provided coverage for the deceased driver of one of the vehicles admitted liability and filed an interpleader action. Coverage for personal injuries was limited to $15,000 per person and $30,000 per occurrence.

After hearing evidence and arguments of counsel, the trial court awarded judgments for personal injuries against the administrator of the estate of the decedent in the following amounts: Daniel Schuler—$500,000; Michael Porth—$100,000; Evelyn Schuler—$100,000. The insurance proceeds were then distributed as follows: Daniel Schuler—$15,000; Michael Porth—$7,500; Evelyn Schuler—$7,500.

Porth appeals from the distribution order, claiming that his injuries were more extensive than Evelyn Schuler's, that his medical expenses were greater than her expenses, and, therefore, that the court erred in its distribution of the insurance proceeds.

The record on appeal includes *inter alia* the pleadings, medical reports

and bills, and answers to interrogatories, but does not include a transcript of the proceedings in the Circuit Court of La Salle County at which time the court received evidence and heard arguments.

In a similar case, the Illinois Supreme Court in *Skaggs v. Junis* (1963), 28 Ill. 2d 199, 201-02, 190 N.E.2d 731, stated:

"In such a situation, unless there is a contrary indication in the order or in the record, it is presumed that the court heard adequate evidence to support the decision that was rendered * * *. Where it is alleged that the evidence presented was actually insufficient to support the court's finding, the burden of preserving said evidence rests with the party who appeals from said order. No record of the evidence heard on May 23 and 24 regarding the * * * claim is before this court and, therefore, *it must be assumed that the evidence that was heard fully supported the court's finding* * * *." (Emphasis added.)

See also *Egebergh v. Schumann* (1st Dist. 1974), 20 Ill. App. 3d 356, 314 N.E.2d 337 (abstract opinion).

The same rule must govern the case at bar. Accordingly, we conclude that the order of the trial court must be affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.