JOHN J. HOGAN, Plaintiff-Appellee, *v.* AARON BRAUDON *et al.*,
Defendants-Appellants.

Second District (2nd Division)    No. 75-152

Opinion filed July 22, 1976.—Rehearing denied August 27, 1976.

Mark J. Drobnick, of Waukegan, for appellants.

William H. Greene, of Waukegan, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This was an action filed June 27, 1962, to foreclose liens of special assessments purchased by plaintiff Hogan's predecessor in title from the City of Waukegan on November 15, 1950. The Circuit Court of Lake County entered a decree foreclosing the liens and directing sale of a parcel of real estate owned by defendants Joseph J. Drobnick, Jerome P. Drobnick, Mark J. Drobnick, as trustee etc., and First National Bank of Waukegan, as trustee, etc.

Defendants appeal contending:

1. That on the death of plaintiff Hogan on May 31, 1971 the action abated.

2. That due to failure of plaintiff to move the case to hearing for 12 years the cause should have been dismissed.

3. The purported assignee of the deceased Hogan did not prove an assignment.

4. The record shows an assignment from Hogan to the assignee dated January 10, 1974, an impossibility due to death of Hogan in 1971.

5. That defendant's attorney should be awarded $350 attorney fees for work in trial court and an additional $2,000 for the appeal.

1

■■ At common law, the death of either party at any stage of the proceeding abated the action (*People ex rel. Peace v. Taylor*, 342 Ill. 88, 95), but even at common law if the interest to be protected was primarily a property interest then the action survived. (*Shapiro v. Chernoff*, 3 Ill. App. 3d 396, 403.) If the right asserted in an action is assignable it survives

*Creighton v. County of Pope,* 386 Ill. 468, 475. Special assessment liens were determined to be assignable in *Hogan v. Dalziel,* 40 Ill. App. 2d 19, 28.

■■ In Illinois most causes of action now survive. Section 54 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 54) gathers together the principal provisions relating to substitution of parties in cases in which the cause of action survives and establishes the procedures to be followed in these cases. There is no merit to defendant's contention that that action abated on death of Hogan.

2

The complaint herein was filed June 27, 1962. On July 27, 1962, the defendants appeared and filed a motion to dismiss. The motion asked dismissal on the grounds; that the 20-year statute of limitations applied; that the 5-year statute of limitations applied, and that section 9—2—70 of the Municipal Code (Ill. Rev. Stat., ch. 24, par. 9—2—70) applied. The defendants never called up their motion for hearing. At that time *Hogan v. Bleeker,* 29 Ill. 2d 181, and *Hogan v. Dalziel,* 40 Ill. App. 2d 19, were in the process of being appealed. *Hogan v. Dalziel* on February 1963 decided that neither the 20- nor the 5-year statute of limitations was applicable to preclude suits of this type. *Hogan v. Bleeker* on September 27, 1963, held that section 9—2—70 did not act retroactively to cut off rights of the plaintiff and also held the general limitation statutes not applicable to a similar suit.

The case lay dormant until January in 1974 when Richard Morrow as assignee of plaintiff Hogan called up the motion for hearing. Morrow's motion stated that he had been assigned all interest in the certificate of sale and assignment involved and requested the court to deny defendants' motion filed July 27, 1962, for the reasons given in the above two Hogan cases.

At the hearing the trial court took the matter under advisement and asked for briefs. In his brief filed March 13, defendants' attorney contended the case should have been dismissed by the trial court on its own motion pursuant to Rule 4.2 of the Circuit Court, that 12 years delay constituted dismissal as a matter of law, and surprisingly, that the cases of *Hogan v. Bleeker* and *Hogan v. Dalziel* were now old cases and that new men on the appeals court would make new law so that the defense of limitations should be sustained.

On March 26, 1974, the trial court entered an order denying the motion filed July 27, 1962.

■■ The trial court may dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independent of any statute or rule of court. (*Epley*

*v. Epley,* 328 Ill. 582, 585.) But the court is under no mandatory duty to do so on its own motion. In the instant case the defendants themselves made no effort to cause the matter to be dismissed for delay by filing a motion. Had they done so some sort of a record might have been made.

In the absence of any hearing on such a motion we are unable to say that the trial court abused its discretion in the matter.

3 and 4

Defendants contend that Richard Morrow did not prove an assignment to him from Hogan or Hogan's successor in title.

A verbatim transcript of proceedings is not contained in the record. No bystander's report or other means of complying with Supreme Court Rule 323 has been given to us so we have no account of the proceedings of the bench trial. Defendants herein have the burden of preserving a record which demonstrates that evidence presented was insufficient to support the court's judgment. *Williams v. Ferguson,* 29 Ill. App. 3d 578, 579.

The decree entered by the trial court states "the Court having heard the evidence, both oral and documentary, heard and adduced in open Court; and the same having been argued by Counsel, and the Court being fully advised in the premises finds: * * * 3. * * * said John J. Hogan assigned said interest in Parcel 13 to Richard H. Morrow, and thereby, Richard H. Morrow became vested with the full title to said liens and as the new owner of said liens is entitled to maintain this proceeding to enforce said liens."

The presumption is that the trial judge heard sufficient evidence upon which to base his judgment and the appellant when he appeals, has the burden of showing by the record that judgment is not supported by the evidence. *Croft v. Lamkin,* 112 Ill. App. 2d 321, 327; *Kable Printing Co. v. Mt. Morris Bookbinders Union,* 27 Ill. App. 3d 500, 504.

■■ Since defendants failed to meet their burden of providing a record to support their contention, it must be assumed that the evidence fully supported the court's finding.

5

Defendant moved for attorney fees pursuant to section 41 of the Civil Practice Act.

■■ This section is an attempt by the legislature to penalize the litigant who pleads false or frivolous matters or brings a suit without any basis in law and thereby puts the burden on his opponent to expend money to make a defense against an untenable suit. *Ready v. Ready,* 33 Ill. App. 2d 145, 161.

■■ Once again the record on appeal before us does not contain a report of the proceedings or a substitute therefore involving the trial

court's hearing on the petition for attorney fees. We must presume that the evidence presented was not sufficient to justify an award of attorney fees to the defendants.

The judgment of the Circuit Court of Lake County is affirmed.

Affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.